STEVE AND ANN T. SIKET, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Siket v. Commissioner
Docket No. 2690-77.
United States Tax Court
T.C. Memo 1978-124; 1978 Tax Ct. Memo LEXIS 392; 37 T.C.M. (CCH) 548; T.C.M. (RIA) 780124; March 29, 1978, Filed *392 Steve Siket, pro se. Jack E. Prestrud, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $621 deficiency in petitioners' Federal income tax for 1974. The sole issue is whether petitioners are entitled to a $2,840 deduction for legal expenses. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, Steve Siket and his wife Ann Siket lived in Brooklyn, Ohio. Ann Siket is a party only by virtue of having filed a joint return with her husband. When we hereafter refer to petitioner, we will be referring to Steve Siket. Petitioner is a retired officer of the Cleveland, Ohio, police department. In January 1974, when he was an active lieutenant in that department, he was assaulted in his home by several members of the Brooklyn, Ohio, police department. [1] He hadjust gotten home from work at the time of the altercation. There is no evidence that the altercation arose out of or was connected in any way with petitioner's work as a police lieutenant. After the altercation, petitioner was arrested for assaulting the Brooklyn *393 police officers. He was later acquitted of this criminal offense. Subsequently, petitioner sued in Federal court for damages caused by the false arrest. A settlement favorable to petitioner was reached. In 1974 petitioner paid $2,320 to attorney James S. Carnes for legal services rendered in connection with his criminal trial. Petitioner also paid attorney Alan I. Goodman legal fees of $500, again in connection with the criminal trial. These payments, totalling $2,820, were the only legal fees he paid in 1974. Petitioner deducted these legal fees on his 1974 return. [2] In the statutory notice, respondent determined that petitioner was not entitled to a deduction for legal expenses. OPINION The sole issue in this case is whether petitioner is entitled to deduct legal fees paid in 1974. In that year petitioner was charged with assaulting police officers; *394 he was later acquitted of that charge. Subsequently petitioner collected, through settlement, damages arising from his false arrest. In 1974 petitioner paid legal fees of $2,820 in connection with his criminal trial, which he claims are deductible. Respondent, on the other hand, contends that these legal fees were a nondeductible personal expense. We agree with respondent. In , the Supreme Court held that the deductibility of legal expenses is determined by the "origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer." In this case, the origin of the claim from which the legal costs arose--the criminal charges for assault--was clearly personal, even if a conviction might have been detrimental to petitioner's business of being a police officer. Petitioner cannot argue that his arrest occurred within the performance of his duties, since he was off-duty, at home, and in a different municipality at the time he was arrested by the Brooklyn police. The only connection between his arrest and his occupation was tangential. *395 Cf. . We think the instant case is indistinguishable from , affg. a Memorandum Opinion of this Court. [3] In Nadiak the taxpayer, an airlines pilot, was arrested for (and subsequently acquitted of) assault and battery. Nadiak would have lost his pilot's license had he been convicted. The Court of Appeals held that the origin of Nadiak's legal expense was personal since "only the potential consequences of the criminal proceedings posed a threat to the petitioner's fortunes." . Accordingly, the Court of Appeals concluded that , mandated that the legal expenses incurred were nondeductible personal expenditures. We reach the same conclusion in this case. Decision will be entered for the respondent. Footnotes
1. Brooklyn, Ohio, is an independent municipality, separate and apart from Cleveland, Ohio. Brooklyn has its own police department, with which petitioner was not associated.↩
2. Petitioner erroneously deducted $2,840, $20 more than he paid in legal fees, in 1974.The additional amount may have been court costs.↩
3. See also P-H Memo T.C. par. 73,065 (1973).↩